1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

4  SHAWNEE DONTELL ALLEN,              )
                                       )
5                Petitioner,           )        2:10-cv-01720-GMN-PAL
                                       )
6  vs.                                 )        **ORDER**
                                       )
7  BRIAN E. WILLIAMS, *et al.*,        )
                                       )
8                Respondents.          )
   _____)

9

10        This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

11  by a Nevada state prisoner.  Before the Court is respondents' motion to dismiss the petition.  (ECF

12  No. 8).

13  **I.  Procedural History**

14        On February 3, 2005, a guilty plea agreement was filed in which petitioner agreed to plead

15  guilty to one count of voluntary manslaughter with the use of a deadly weapon, in state district court

16  case number C197763.  (Exhibit 3).[1]  The State retained the right to argue and agreed not to oppose

17  the sentence running concurrently with petitioner's sentence in case number C201322.  (Exhibit 3).

18  On April 13, 2005, the state district court entered a judgment of conviction which sentenced

19  petitioner to 36-90 months, plus and equal and consecutive 36-90 months for the use of a deadly

20  weapon, and with 459 days of credit for pre-sentence incarceration.  (Exhibit 4).  Petitioner did not

21  file a direct appeal.

22        On December 16, 2008, petitioner filed an untimely state postconviction habeas petition, in

23  which he claimed that he had discharged his "statutory offenses" and was being unlawfully held on

24  the deadly-weapon enhancement sentence, in violation of his due process rights.  (Exhibit 5).  On

25  / / /

26

_____

    [1]  The exhibits referenced in this order are found in the Court's record at ECF No. 9.

1  March 23, 2009, the state district court issued an order dismissing the petition on grounds that it was

2  time-barred.  (Exhibit 7).  Petitioner filed a notice of appeal on April 13, 2007.  (Exhibit 8).

3          On November 5, 2009, the Nevada Supreme Court entered an order affirming the district

4  court's dismissal of the postconviction habeas petition, finding it untimely, as it was filed more than

5  three years after the entry of judgment of the conviction.  (Exhibit 9).  On November 25, 2009,

6  petitioner filed a motion for rehearing, which the Nevada Supreme Court denied on December 23,

7  2009.  (Exhibits 10 & 11).  On January 19, 2010, remittitur was issued.  (Exhibit 12).  This Court

8  received petitioner's federal habeas petition on October 4, 2010.  (ECF No. 1-1).  Respondents have

9  brought a motion to dismiss the petition as untimely.  (ECF No. 8).

10  **II. Motion to Dismiss (ECF No. 8)**

11          **A.  Federal Habeas Petition is Untimely**

12          The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes

13  controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of

14  federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute

15  provides:

16                    (d)(1) A 1-year period of limitation shall apply to an application
                     for a writ of habeas corpus by a person in custody pursuant to the
17                   judgment of a State court.  The limitation period shall run from
                     the latest of–
18
                           (A) the date on which the judgment became final by the
19                         conclusion of direct review or the expiration of the time
                           for seeking such review;
20
                           (B) the date on which the impediment to filing an
21                         application created by State action in violation of the
                           Constitution or laws of the United States is removed, if the
22                         applicant was prevented from filing by such State action;

23                         (C) the date on which the constitutional right asserted was
                           initially recognized by the Supreme Court, if the right has
24                         been newly recognized by the Supreme Court and made
                           retroactively applicable to cases on collateral review; or
25
                           (D) the date on which the factual predicate of the claim or
26                         claims presented could have been discovered through the
                           exercise of due diligence.

1    (2) The time during which a properly filed application for State
2    post-conviction or other collateral review with respect to the
     pertinent judgment or claim is pending shall not be counted
3    toward any period of limitations under this subsection.

4    28 U.S.C. § 2244(d).

5         The United States Supreme Court has held that a habeas petitioner's state post-conviction

6    petition, which was rejected by the state court as untimely under the statute of limitations, is not

7    "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations

8    period.  *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).   The Court in *Pace v. DiGuglielmo* held

9    as follows:

10        In common understanding, a petition filed after a time limit, and which
          does not fit within any exceptions to that limit, is no more "properly filed" than a
11        petition filed after a time limit that permits no exception.

12                                           * * *

13        What we intimated in *Saffold* we now hold: When a postconviction
          petition is untimely under state law, "that [is] the end of the matter" for the
14        purposes of § 2244(d)(2).

15    *Id.* at 413-14.

16        In the present case, petitioner's judgment of conviction was entered on April 13, 2005.

17    (Exhibit 4).  He did not file a direct appeal.  The time to seek direct review expired on May 15, 2005.

18    Petitioner had until May 15, 2006 to mail or file his federal habeas petition.  Petitioner had no

19    postconviction pleadings filed until December 16, 2008, well after the AEDPA one-year statute of

20    limitations expired.

21        On December 16, 2008, petitioner filed an untimely post-conviction habeas petition in state

22    court.  (Exhibit 5).  Pursuant to *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005), the post-

23    conviction habeas proceedings in state court did not toll the federal statute of limitations.  On

24    November 5, 2009, the Nevada Supreme Court affirmed the state district court's dismissal of the

25    petition.  (Exhibit 9).  The Nevada Supreme Court made findings that the petition was untimely and

26    procedurally barred pursuant to NRS 34.726(1), and that petitioner failed to demonstrate good cause

1  for the delay.  (Exhibit 9).  The Nevada Supreme Court denied rehearing by order filed December 23,

2  2009.  (Exhibit 11).  Remittitur issued on January 19, 2010.  (Exhibit 12).

3      As stated above, the AEDPA one-year statute of limitations expired on May 15, 2006, and

4  the untimely post-conviction state proceedings did not toll the AEDPA statute of limitations.

5  Petitioner filed his federal habeas corpus petition on September 30, 2010.  (ECF No. 1-1 & 4).[2]  The

6  federal habeas petition was filed over four years after the expiration of the AEDPA statute of

7  limitations.

8      **B.  Equitable Tolling**

9      The United States Supreme Court has held that the AEDPA's statute of limitations, at 28

10  U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 130 S.Ct.

11  2549, 2560 (2010).  The Supreme Court reiterated that "a petitioner is entitled to equitable tolling

12  only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

13  circumstance stood in his way' and prevented timely filing."  *Holland*, 130 S.Ct. at 2562 (quoting

14  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The Court made clear that the "exercise of a

15  court's equity powers . . . . must be made on a case-by-case basis," while emphasizing "the need for

16  flexibility" and "avoiding [the application of] mechanical rules."  *Holland*, 130 S.Ct. at 2563

17  (internal quotations and citations omitted).  In making a determination on equitable tolling, courts

18  must "exercise judgment in light of prior precedent, but with awareness of the fact that specific

19  circumstances, often hard to predict in advance, could warrant special treatment in an appropriate

20  case."  *Holland*, 130 S.Ct. at 2563.

21  / / /

22

23      [2]  This Court received the federal habeas petition on October 4, 2010.  (ECF No. 1).  Pursuant
to the "mailbox rule," federal courts deem the filing date of a document (in a federal action) as the date
24  that it was given to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).  At
numbered item 5, page 1, of the federal petition, petitioner states that he mailed or handed the petition
25  to a correctional officer for mailing to this Court on September 30, 2010.  (ECF No. 1-1 & 4).  The Court
therefore deems the date of filing of the federal habeas petition as September 30, 2010.

26

1    In the opposition, petitioner argues that he could not have challenged the deadly weapon

2    enhancement sentence until he began to serve it, upon the expiration of the sentence for the primary

3    offense of voluntary manslaughter. (ECF No. 14). Petitioner raised this same issue with the Nevada

4    Supreme Court, in an attempt to show good cause for his delay in filing the postconviction petition.

5    The Nevada Supreme Court rejected the argument, finding that: "Appellant's claim challenging the

6    imposition of a deadly weapon enhancement sentence was reasonably available during the time

7    period for filing a timely post-conviction petition for a writ of habeas corpus. Hathaway v. State,

8    119 Nev. 248, 71 P.3d 503 (2003)." (Exhibit 9, at p. 2). This Court similarly rejects petitioner's

9    argument for equitable tolling. Petitioner has failed to show that an extraordinary circumstance

10   prevented him from filing a timely federal petition. Petitioner is not entitled to equitable tolling and

11   the petition must be dismissed as untimely.

12   **III. Certificate of Appealability**

13   In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28

14   U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951

15   (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a

16   petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

17   certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

18   (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's

19   assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In

20   order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

21   debatable among jurists of reason; that a court could resolve the issues differently; or that the

22   questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered

23   the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a

24   certificate of appealability, and determines that none meet that standard. The Court will therefore

25   deny petitioner a certificate of appealability.

26   / / /

**IV.  Conclusion**

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 8) is GRANTED and the federal petition for a writ of habeas corpus is DISMISSED as untimely.

IT IS FURTHER ORDERED that petitioner is DENIED A CERTIFICATE OF APPEALABILITY.

IT IS FURTHER ORDERED that the Clerk SHALL ENTER JUDGMENT ACCORDINGLY.

DATED this 13th day of June, 2011.


_____
Gloria M. Navarro
United States District Judge

6